# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| JOHNNY RAY CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-2091 (BAH) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, ECF No. 5. For the reasons discussed below, the Court will grant the motion because the plaintiff failed to exhaust his administrative remedies prior to filing his complaint.

## I. BACKGROUND

At all times relevant to the Complaint, the plaintiff was in the custody of the Federal Bureau of Prisons ("BOP") and was incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence"). *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Decl. of Patrick Kissell ("Kissell Decl.") ¶ 2.

The plaintiff submitted three requests to a female staff member ("cop outs"), *see* Defs.' Mem., Ex. 5 (requests dated May 6, 2016, May 12, 2016, and May 30, 2016), which prompted defendant D. Bilbrey to file an incident report charging the plaintiff with a disciplinary offense, stalking another person (Prohibited Act Code 225):

1

> [Bilbrey] received cop outs addressed to Ms. S[.] Becker-Gallegos, [t]he [Disciplinary Hearing Officer]. While monitoring these cop outs [the plaintiff] authored he writes: Upon my release and return to D.C. I respectfully request that you allow me to contact you. For the purpose of getting acquainted on a platonic level. Second cop out states: Ms. Becker I want you to know that you are my buddy my pal my friend. It will be that way until the end and wherever you go[,] I want you to know that your [sic] my buddy may pal my friend. Third copout states: I love you with all my heart and request that you marry me. Love Always Ray.

Defs.' Mem., Ex. 6 (Incident Report dated June 6, 2016).

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Kissell Decl. ¶ 4. It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request]." *Id*. ¶ 5. The plaintiff submitted an administrative remedy request challenging the Incident Report on or about June 27, 2016, and the Warden of ADX Florence responded on July 18, 2016. Kissell Decl. ¶ 7. Next, the plaintiff filed an appeal with the BOP's North Central Regional Office which responded on August 19, 2016. *Id*. ¶ 8. Finally, the plaintiff filed an appeal with the Office of General Counsel, and its response was due on November 18, 2016. *Id*. ¶ 9. Although the plaintiff has "exhausted his remedies as related to complaints against the defendants raised in the present case through the BOP's Administrative Remedy Program[,]" *id*. ¶ 10, he "did not submit any administrative tort claims with the BOP related to the claims alleged in this litigation," *id*. ¶ 11.

The plaintiff filed a civil action in the Superior Court of the District of Columbia on July 10, 2016. According to the plaintiff, "a cop-out is used to make a written request to a staff

2

member," Compl., ECF No. 1-1 at 1, and "[a]ny type of request can be made with the form," *id*. at 2. The plaintiff appears to assert that he has been punished for having exercised his right to freedom of speech. He claims that Bilbrey "is factually guilty of Abuse of Process," and "has maliciously interfer[]ed with [his] Freedom of Speech." *Id*. at 2. The plaintiff demands judgment in his favor and an award of $100,000 from the BOP and from Bilbrey, *id*. at 1, whom the plaintiff sues in his individual capacity, *see* Pl.'s Mem. of Facts, P. & A., ECF No. 7 at 2 (page number designated by the plaintiff).

## II. DISCUSSION

A. Federal Tort Claims Act

The defendants removed this action on October 20, 2016, and filed their motion on January 5, 2017. Among the exhibits to their motion is a statement certifying that "Defendant Dale Bilbrey was an employee of the Government and was acting within the scope of his employment for the [BOP] at the time of the allegations stated in Plaintiff's Complaint." Certification, ECF No. 5-3. The plaintiff's demand for monetary damages arises from action taken by Bilbrey within the scope of his federal employment, and the Court treats the claim as one under the Federal Tort Claims Act ("FTCA") against the United States directly. *See* 28 U.S.C. § 2679(b)(1), (d)(1).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See id*. The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6

(1962). Limitations under and exceptions to the FTCA doom the plaintiff's claims. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, the defendants contend, *see* Defs.' Mem. at 5-7, and the plaintiff does not dispute, *see generally* Pl.'s Mem. of Facts, P. & A., that the plaintiff failed to exhaust his administrative remedies because he did not file an administrative tort claim with the BOP, *see* Kissell Decl. ¶ 11.

B.  Prison Litigation Reform Act

In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules,

4

including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Exhaustion under the PLRA is an affirmative defense, *Jones*, 549 U.S. at 216, which "the defendants have the burden of pleading and proving." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation marks omitted)).

The plaintiff had not completed the administrative remedy process when he filed his complaint in the Superior Court on July 19, 2016. By that time, he only had completed the first step of a four-step process by filing an administrative remedy request to the Warden of ADX Florence. Thus, the defendants have demonstrated that the plaintiff failed to exhaust his administrative remedies under the PLRA by filing his complaint too soon, and failed to exhaust under the FTCA by filing no administrative claim at all.[1]

---

[1] The defendants also move to dismiss on the ground that venue in this district is improper. *See* Defs.' Mem. at 8-10. The plaintiff asks the Court to transfer this matter to the proper federal district. *See* Pl.'s Mem. of Facts, P. & A. at 2. In light of the plaintiff's long history of vexatious litigation, *see Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (requiring Chandler to "pay the full fare" to bring his appeal before the D.C. Circuit because he had been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)); *Chandler v. James*, 783 F. Supp. 2d 33, 36 (D.D.C. 2011) ("Mr. Chandler's legal complaints have been so numerous and so lacking in merit that he is now barred, except in extraordinary circumstances, from filing new lawsuits while in prison without first paying the full amount of any administrative filing fee."), the Court is not inclined to transfer this matter to the District of Colorado, *see Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016) (concluding that, based on plaintiff's "qualifying dismissals under § 1915(g) . . . the interest of justice will not be served by transferring this case to its sister court in Colorado").

## III. CONCLUSION

The Court concludes that plaintiff failed to exhaust his administrative remedies under the FTCA and the PLRA. For this reason, the Court will grant defendants' motion in part and dismiss this action. An Order consistent with this Memorandum Opinion is issued contemporaneously.

DATE: April 17, 2017

/s/ *Beryl A. Howell*

BERYL A. HOWELL
Chief Judge